NOT FOR PUBLICATION

| | |
|---|---|
| **RODNEY LAUREL,** | |
| **Plaintiff,** | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| -vs- | Hon. Dennis M. Cavanaugh |
| | Civil Action No. 03-4825 (DMC) |
| **COSTCO WHOLESALE CORP.,** | |
| | REPORT & RECOMMENDATION |
| **Defendant.** | |

## INTRODUCTION

This matter comes before the Court on defendant Costco Wholesale Corporation's ("Costco") application to dismiss the complaint for failure to provide discovery, failure to comply with court orders and failure to prosecute this action. Plaintiff *pro se* Rodney Laurel ("plaintiff") submitted no opposition. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, it is respectfully recommended that Costco's request for dismissal of plaintiff's complaint with prejudice be **granted**.

## FACTUAL BACKGROUND

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC. § 2000(e) et seq. ("Title VII"), alleging he was fired on the basis of his race. Plaintiff filed his complaint on October 8, 2003 after the Equal Employment Opportunity Commission (the "EEOC"), in a letter dated September 30, 2003, determined that plaintiff's bare allegation of discrimination, absent evidence of disparate treatment under Title VII, could not stand. In its September 30 letter, the EEOC informed plaintiff that the investigation into his complaint was closed and that further pursuit of the matter would have to be initiated by plaintiff himself.

After answering the complaint, defendant served interrogatories and document requests on plaintiff in September 2004. Plaintiff has not responded to the discovery requests and has also refused to be deposed due to purported "work obligations." (Letter from Devjani Mishra, counsel for defendant, to Judge Mark Falk, December 15, 2005, at 1.)

On July 28, 2005, the Court issued a scheduling order requiring discovery to be completed by October, 14, 2005. On October 5, 2005 defendant requested an extension of discovery. This request was based, at least in part, upon plaintiff's refusal to provide discovery. On October 14, 2005, the Court issued an order scheduling a conference to address the outstanding discovery for November 17, 2005. The order stated:

> "Parties with full settlement authority are required to be present at the conference. Failure to appear in person will result in sanctions, including dismissal of a party's pleadings."

On November 17, 2005, defendant appeared for the conference as ordered, but plaintiff did not appear.

On November 21, 2005, the Court issued an Order to Show Cause directing plaintiff to show cause why his complaint should not be dismissed and ordering him to appear for a hearing on December 14, 2005. Defendant appeared at the December 14, 2005 hearing, but once again plaintiff did not appear, nor did he contact the court in any way.

When plaintiff did not comply with the Order to Show Cause, defendant requested that the Court dismiss the complaint with prejudice. Plaintiff has not submitted any opposition to this request.

## ANALYSIS

Fed. R. Civ. P. 16(f) provides that "if a party fails to obey a scheduling . . . order . . . or if no

2

appearance is made on behalf of a party at a scheduling . . . conference . . ., the judge, upon . . . the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(C) specifically identifies an order "dismissing the action or proceeding as one of the permissible orders that a court may enter if a party violates Rule 16(f) and "fails to appear" for deposition. Fed.R.Civ.P. 37(d). The Court of Appeals for the Third Circuit has also explicitly recognized that "courts have inherent equitable power to dismiss actions or enter default judgements for failure to prosecute, contempt of court or abuse of litigation practices." Lightening Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n. 15 (3d Cir. 1993) (citations omitted).

Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(c) also authorize dismissal of a case when a party repeatedly fails to comply with a court's discovery orders. The Third Circuit in Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992), endorsed the use of the six-part test enunciated in Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), to consider when the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) whether there has been a history of dilatoriness, (4) whether the party's or attorney's conduct was willful or in bad faith, (5) the availability of alternative sanctions, (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 869. The decision whether to dismiss is committed to this court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218 (3d Cir. 2003).

Turning to the Poulis factors, this Court finds as follows:

1.  Plaintiff's repeated failure to comply with discovery obligations and his deliberate violation of two orders demonstrate his personal responsibility for the sanctionable conduct in this litigation. Plaintiff was given additional time to respond to defendant's outstanding discovery

3

demands and was put on oral and written notice that sanctions, including the possibility of dismissal, would result for noncompliance. He failed to comply or offer any explanation for his failure. In the absence of any explanation, the Court finds that plaintiff is personally responsible for his longstanding noncompliance with court orders and discovery obligations.

2. Plaintiff's blanket refusal to provide discovery or to appear at court ordered conferences makes it impossible for defendant to adequately prepare its case and thus constitutes genuine prejudice.

3. As described herein, there is a history of noncompliance since the case began.

4. There is no special indication of bad faith on the part of plaintiff. However, the conduct does appear to be willful. Plaintiff, having been duly warned, has evidently determined not to prosecute or participate in the case any longer.

5. Given plaintiff's continued noncompliance with his discovery obligations, alternative sanctions would be inappropriate.

6. The Court is unable to determine the meritoriousness of the claims or defenses in this case. Plaintiff's failure to provide any discovery makes it impossible to evaluate that issue.

A majority of the Poulis factors weigh heavily in favor of dismissal. It should be noted that not all of the Poulis factors need to be satisfied in order to dismiss a pleading. Mindek v. Rigatti, 964 F2d. 1369, 1373 (3d Cir. 1992). As set forth herein, despite being given repeated opportunities to proceed with his case, plaintiff has failed to do so. Under the circumstances, dismissal of the complaint with prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that defendant's motion to dismiss the complaint with prejudice should be **granted**.

_____

Dated: January 4, 2006  /s/   Mark Falk
**MARK FALK**
**United States Magistrate Judge**


Orig.: Clerk of the Court
cc: Hon. Dennis M. Cavanaugh, U.S.D.J.
All Parties
File